DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

DAVTYAN PROFESSIONAL LAW CORPORATION
Emil Davtyan (SBN 299363)
emil@davtyanlaw.com
5959 Topanga Canyon Blvd., Suite 130
Woodland Hills, California 91367
Telephone: (818) 875-2008
Facsimile: (818) 722-3974

Attorneys for Plaintiff DIEGO ORNELAS,
on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| DIEGO ORNELAS, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL STORAGE AFFILIATES TRUST, a Maryland real estate investment trust; INTANDEM HUMAN RESOURCES, LLC, a Colorado limited liability company; STORAGE MANAGEMENT AND LEASING CO., LLC, a Florida limited liability company; ISTORAGE JV, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-07717-MMC<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. Maxine M. Chesney<br>Courtroom 7, 19th Floor<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND COLLECTIVE ACTION FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Failure to Pay Wages Under the FLSA, 29 USC §§ 206, 207;<br>4. Meal Period Liability, Labor Code § 226.7;<br>5. Rest-Break Liability, Labor Code § 226.7;<br>6. Violation of Labor Code §§ 226(a);<br>7. Violation of Labor Code § 221;<br>8. Violation of Labor Code § 203;<br>9. Failure to Reimburse Necessary Business Expenditures Under Labor Code § 2802; and<br>10. Violation of Business & Professions Code § 17200 *et seq.* and<br>11. Penalties under Labor Code § 2698, *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br><br>Original Complaint Filed: November 19, 2018<br>Removed:  December 26, 2018 |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff DIEGO ORNELAS (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively, "Employees"; individually, "Employee"), complains of Defendants, and each of them, as follows:

## INTRODUCTION

1.    Plaintiff brings this action on behalf of himself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by Defendants, NATIONAL STORAGE AFFILIATES TRUST, a Maryland real estate investment trust; INTANDEM HUMAN RESOURCES, LLC, a Colorado limited liability company; STORAGE MANAGEMENT AND LEASING CO., LLC, a Florida limited liability company;  ISTORAGE JV, LLC, a Delaware limited liability company; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant Orders of the Industrial Welfare Commission (IWC), and the California Business & Professions Code, and also brings a collective action for Defendants' violations of the provisions of the Fair Labor Standards Act ("FLSA"), including 29 U.S.C. §§ 206 and 207, and seeks redress for these violations.

2.    Plaintiff is a resident of California, and during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities operating under the iStorage brand in Moreno Valley, California and San Bernardino, California. Plaintiff worked as a non-exempt employee, and consistently worked at Defendants' behest without being paid all wages due. Plaintiff and the other Class members were thus employed by Defendants during the relevant time period, with Plaintiff being employed by Defendants as a non-exempt, hourly storage facility employee from approximately **November 26, 2016** through **June 22, 2018**.

3.    Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions at Defendants' facilities and locations throughout the State

FIRST AMENDED CLASS ACTION COMPLAINT

of California, including but not limited to the iStorage locations in Moreno Valley, San Bernardino, Desert Hot Springs, El Dorado Hills, North Highlands, Oroville, Rancho Cordova, San Francisco, and Santa Maria. Upon information and belief, Defendants also operate similar facilities across the United States, including in Arizona, Nevada New Mexico, Florida, Ohio, Michigan, and Texas, under the iStorage brand, and other facilities in California and nationwide under each of its storage facility brands.

4.    Defendants required Plaintiff and the Employees in the Class and Collective to work off the clock and failed to record accurate time worked by these employees, failed to pay them at the appropriate rates for all hours worked, including by failing to include non-discretionary and performance based bonuses in the regular rate used to calculate and pay overtime, failed to reimburse necessary business expenses, and provided Plaintiff and the Class members with inaccurate wage statements that prevented them from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take uninterrupted and duty-free and timely rest periods and meal breaks, as required by the Labor Code and corresponding paragraphs of the applicable Wage Orders of the Industrial Welfare Commission ("IWC").

5.    Defendant NATIONAL STORAGE AFFILIATES TRUST ("NSAT") is a Maryland real estate investment trust focused on the ownership, acquisition and management of self-storage properties located within the top 100 metropolitan statistical areas, and operates nationally and regionally through participating regional operators and through brands under its ownership, including Guardian Storage Centers, Hide-Away Storage, Move It, Northwest Self Storage, Optivest Properties, Personal Mini Storage, Secure Care Self Storage, Inc., Broadway Storage Solutions, and iStorage, with iStorage being the regional operator for whom Plaintiff was employed. Upon information and belief, NSAT is headquartered in Greenwood Village, Colorado, is not listed as an entity doing business in California with the Secretary of State, and has not designated a principle office or business address in California. However, NSAT operates numerous storage facilities, which it staffs with Employee Class members, both nationwide and throughout California, including the iStorage facilities in Moreno Valley in Riverside County, and

1  in locations throughout California, including in San Bernardino, Desert Hot Springs, El Dorado

2  Hills, North Highlands, Oroville, Rancho Cordova, San Francisco, and Santa Maria, California.

3  Upon information and belief, Defendant NSAT has been a joint employer with, and delegated all

4  human resource management functions and some operational functions to, human resources

5  companies, including named Defendants INTANDEM HUMAN RESOURCES, LLC and

6  STORAGE MANAGEMENT AND LEASING CO., LLC, whose names appeared on the wage

7  statements and checks issued to Plaintiff and, upon information and belief, the similarly situated

8  Employee Class members.

9        6.      INTANDEM HUMAN RESOURCES, LLC ("InTandem") is a Colorado limited

10  liability company which lists its principle office address in Denver, Colorado and its type of

11  business as "Professional Employer Organization." InTandem does not list a California address

12  with the California Secretary of State. InTandem was listed on the wage statements and checks

13  issued to Plaintiff and the Class members during the relevant time period, with entries on

14  Plaintiff's wage statements appearing as: "InTANDEM Human Resources, LLC – iStorage

15  Moreno Valley." Upon information and belief, InTandem entered into a joint employment

16  agreement with Plaintiff and the Class members, under which they agreed InTandem was their

17  employer, along with Defendant NSAT, and in Plaintiff's case, also with iStorage. In the NSAT

18  "Field Employee Handbook" applicable to Plaintiff and the Class and Collective members,

19  Defendants explain that InTandem "contracted with your employer, National Storage Affiliates

20  ("the Company"), to provide certain employee administrative services and products, including

21  payroll processing, compliance, and human resources advice, as well as certain group and

22  individual benefits (as described in the Handbook). As a result of the contract, you will receive

23  your paycheck from INTANDEM; however, you will continue to report to the same supervisor

24  and your current employer will continue to manage and direct the terms and conditions of your

25  employment." Upon information and belief, InTandem operates throughout the United States and

26  California, and InTandem began providing human resources and payroll related services to

27  Plaintiff and the Class members beginning on or about **May 16, 2017**.

28

7.      Defendant STORAGE MANAGEMENT AND LEASING CO., LLC ("SMLC") is, upon information and belief, the human resources services company used by NSAT prior to InTandem, and SMLC was listed as the employer on wage statements issued to Plaintiff during the liability period. SMLC is a Florida limited liability company, which lists is principle office address in Greenwood Village, Colorado, does not provide a California address to the California Secretary of State, and lists its type of business as "personal storage." Upon information and belief, SMLC is a subsidiary of NSAT and was listed on the wage statements and checks issued to Plaintiff and the Class members during the relevant time period, with entries on Plaintiff's wage statements appearing as: "Storage Management and Leasing Co., LLC.," along with a logo for Oasis Admin Group Outsourcing, Inc. Upon information and belief, SMLC operates throughout the United States and California, and provided human resources and payroll related services to Plaintiff and the Class members through at least approximately May of 2017, as well as further operational support to NSAT as a subsidiary and joint employer of Plaintiff and the Class members.

8.      Defendant ISTORAGE JV, LLC ("iStorage") is a Delaware limited liability company that is a subsidiary of NSAT, is not listed with the California Secretary of State, and is also headquartered in Greenwood Village, Colorado. Upon information and belief, iStorage is a customer focused self-storage provider comprised of over 100 properties with units located across 14 states and is one of the nine self-storage brands under the NSAT family of companies. Defendant NSAT, upon information and belief, acquired iStorage in approximately October of 2016 through a joint venture between NSAT and Heitman Capital Management, and NSAT continues to re-brand acquired facilities under the iStorage brand. Plaintiff mainly worked at the iStorage facilities in Moreno Valley in Riverside County, but would also cover at least once a week or as otherwise required at the San Bernardino, California location. Upon information and belief, Defendant NSAT operates facilities nationwide and throughout California where Plaintiff and the Class members were employed, including at iStorage facilities and other NSAT branded facilities in San Francisco, California and San Francisco County. Upon information and belief, all the Employee Class members placed at iStorage facilities or through Defendants' other

FIRST AMENDED CLASS ACTION COMPLAINT

participating regional operators are subject to the same uniform policies and practices instituted by NSAT as to all its storage facilities in California and throughout the United States, including those addressed in the NSAT Field Employee Handbook.

9.    On **December 26, 2018**, Defendant InTandem Human Resources, LLC removed this action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a), alleging that the Court has original subject matter jurisdiction of the claims based on federal question jurisdiction due to the FLSA claim. This Action is therefore presently brought as a Class Action on behalf of similarly situated Employees of Defendants pursuant to California Code of Civil Procedure § 382 and Rule 23 of the Federal Rules of Civil Procedure. Venue as to Defendants is proper in this judicial district pursuant to 28 U.S.C. §§ 84(c)(1), 1391(c), and 1446. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in California, Defendants operate numerous storage facilities throughout California where Class members have been employed, and Defendants have not stated a principal office or specific corporate residence in California. However, Defendants maintain and operate storage facilities in San Francisco County, including iStorage facilities in San Francisco, California, and throughout California, and this action may therefore be venued in San Francisco County and this judicial district, as well as throughout California.

10.    The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

11.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of

1    each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in

2    all respects as the employers or joint employers of Employees. For example, Plaintiff, and upon

3    information the Class members, were required to enter into Co-Employment Agreements with

4    Defendants InTandem, NSAT, and iStorage, and NSAT's Field Employee Handbook instructs,

5    *inter alia*, that InTandem "has contracted with your employer, National Storage Affiliates ("the

6    Company"), to provide certain employee administrative services and products, …you will

7    continue to report to the same supervisor and your current employer will continue to manage and

8    direct the terms and conditions of your employment." Defendants, and each of them, thus

9    exercised control over the wages, hours or working conditions of Employees, or suffered or

10   permitted Employees to work, or engaged, thereby creating a common law employment

11   relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly

12   employed the Employee Class Members, as detailed above.

13                              **FACTUAL BACKGROUND**

14          12.    The Employees who comprise the Class and Collective, including Plaintiff, are

15   nonexempt employees pursuant to the applicable IWC Wage Order paragraphs and applicable

16   federal regulations and statutes. Defendants hire hourly employees who work in non-exempt

17   positions at the direction of Defendants in the State of California and throughout the United States.

18   Plaintiff and the Class members were either not paid by Defendants for all hours worked or

19   otherwise were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also

20   contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing,

21   including by unlawful under-recording of hours worked resulting in off the clock work and by

22   failing to incorporate non-discretionary, performance based bonuses into the overtime rate

23   calculation, made unlawful deductions from their pay, failed to reimburse necessary business

24   expenses, failed to compensate for time spent off the clock, failed to provide meal and rest breaks,

25   and failed to furnish accurate wage statements, all in violation of various provisions of the

26   California <u>Labor Code</u> and applicable Wage Order paragraphs, and the FLSA.

27          13.    Plaintiff, and upon information and belief, the other Class members generally

28   worked at five days a week and on shifts lasting approximately nine (9) hours. However,

Defendants automatically deducted from the hours worked by Plaintiff and the Class an unpaid meal break for one (1) hour on these shifts, despite requiring them to remain on duty and responsive to customer demands and inquiries. Labor budgets, including overtime, were tightly controlled by Defendants, as evidenced by the NSAT Field Employee Handbook, which instructs that "[t]he employee's supervisor is responsible for monitoring business activity and requesting overtime work if it is necessary. Effort will be made to provide employees with adequate advance notice in such situations." Defendants also required Plaintiff and the Class members to have their facility offices open and ready to respond to customers generally at 9:00 a.m., but did not permit them to clock in until two (2) minutes before the opening and the scheduled start of their shifts. In order to count money and prepare the office for opening, Plaintiff, and upon information and belief the other Class members, would have to arrive at work at least approximately ten (10) minutes before the opening, while they were not permitted to clock in until no earlier than two (2) minutes before that opening or the start of their shifts. Also, Plaintiffs and the Class members were required to input timekeeping hours worked into Defendants' computer system using their employee numbers, and had to boot up the computer to clock in, thus resulting in further uncompensated work time.

14.     On other occasions, Plaintiff, and upon information and belief the other Class members, were required by Defendants to perform work off the clock after the end of a work shift, including when the money taken at the facility offices during the day that exceeded an amount set by Defendants had to be taken to the bank. Plaintiff and the Class members also had their meal breaks interrupted when they were required to remain on duty to respond to customer demands and inquiries, resulting in further off the clock work. Therefore, during the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all overtime hours worked, and were forced to work off-the-clock by rounding down and under-reporting hours worked in order to keep labor budgets low and in conformance with Defendants' uniformly applied policies and practices.

FIRST AMENDED CLASS ACTION COMPLAINT

15.     As a matter of uniform Company policy, Plaintiff and the Class members were required to work off the clock, as addressed above, which was not compensated by Defendants in violation of the California Labor Code and the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq*. Plaintiff and the Class members were also not paid regular wages and overtime for the hours they were required work off the clock without compensation, and Defendants also failed to correctly calculate the regular rate used to pay overtime. Plaintiff and the Class members were generally asked to work shifts over eight (8) hours in a day and to work over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock, and Defendants miscalculated and underpaid overtime by failing to account for bonuses in the regular rate used to calculate overtime payments. As a result, Plaintiff and the Class members worked overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code and the FLSA.

16.     More specifically, when the Employees in the Class and collective did work overtime, they were not compensated at the required and correct rate because Defendants failed to incorporate bonus incentive pay they received into the regular rate of pay used to calculate overtime. Upon information and belief, each month, Employees in the Class and Collective were paid production bonuses that were non-discretionary and were tied directly to the number of storage units and supplies, such as box cutters, tape, locks, and boxes, that were sold during the corresponding pay period(s). However, contrary to the requirements of the Labor Code and IWC Wage Orders under California law, and the applicable federal statutes and regulations in connection with the FLSA, Defendants did not incorporate these non-discretionary, performance based bonuses paid to the Employees in the Class and collective into the regular rate of pay Defendants used to calculate and pay them overtime.

17.     As a result of the above described requirements to work off the clock, the failure to calculate and pay wages at the correct rates, the daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them

FIRST AMENDED CLASS ACTION COMPLAINT

by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated, in addition to the hours they were required to work off the clock. This occurred at least in part due to the off the clock work at the beginning of shifts, which resulted in Plaintiff and the Class members incurring overtime hours earlier than Defendants began paying them. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

18.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants thus had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wage for all time worked as required by California law and the FLSA.

19.     From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants also had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of <u>Labor Code</u> § 510 and the corresponding sections of IWC Wage Orders, including paragraph 3(A).

20.     Furthermore, during the three years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to the Third Cause of Action pled herein, Defendants employed Plaintiff and other similarly situated non-exempt employees within the United States (collectively "FLSA Collective Members"). FLSA Collective Members were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by the FLSA, as addressed in further detail herein. The FLSA Collective Members include of all

FIRST AMENDED CLASS ACTION COMPLAINT

1   Defendants' current and former non-exempt, hourly Employees who worked based out of any of

2   Defendants' storage facility locations throughout the United States.

3          21.    Additionally, Defendants failed to provide all the legally required unpaid, off-duty

4   meal periods and all the legally required paid, off-duty rest periods to the Plaintiff and the other

5   Class members, as required by paragraphs 11 and 12 of the applicable IWC Wage Orders and

6   Labor Code. Defendants did not have a policy or practice which provided or accurately recorded

7   all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest

8   periods to the Plaintiff and the other Class members. Plaintiff and other Class members were

9   required to perform work as ordered by Defendants for more than five (5) hours during a shift, but

10  were often required to do so without receiving a timely and otherwise compliant uninterrupted and

11  off-duty thirty (30) minute meal break. To the extent Defendants did not secure a first meal period

12  waiver from an Employee in the Class who worked over five (5) hours in a shift or else operated

13  under an invalid or otherwise unenforceable waiver, Defendants failed to provide first meal

14  periods to these Class members. Upon information and belief, on any occasions when Plaintiff and

15  the Class members worked over ten (10) hours on a shift, they were not provided with a second

16  meal period. As a result, Defendants' failure to provide the Plaintiff and the Class members with

17  all the legally required off-duty, unpaid meal periods and all the legally required off-duty, paid rest

18  periods is and will be evidenced by Defendants' business records, or lack thereof. The NSAT

19  Field Employee Handbook provides evidence of Defendants' unlawful on-duty meal and rest

20  break policies and practices, as it instructs that "[b]reak periods must remain flexible to adhere to

21  the needs of customers and Company business. … Customer services must not be postponed or

22  delayed for the purpose of break periods…"

23         22.    For at least four years prior to the filing of this action and through to the present,

24  Plaintiff and the Class members were compelled by Defendants to place responding to the

25  inquiries and demands of customers over taking duty-free breaks, as they could not be relieved to

26  take breaks or were required to remain on-duty and under Defendants' control at all times, or were

27  otherwise not provided with the opportunity to take required breaks due to Defendants' policies

28  and practices. On the occasions when Plaintiff and the Class members were provided with a meal

period, it was often untimely or interrupted by having to respond to work demands, and they were

not provided with one (1) hour's wages in lieu thereof. Therefore, from at least four (4) years prior

to the filing of this lawsuit and continuing to the present, Defendants have regularly required

Employees to work shifts in excess of five (5) hours without providing them with uninterrupted

meal periods of not less than thirty (30) minutes, and shifts in excess of ten (10) hours without

providing them with second meal periods of not less than thirty minutes; nor did Defendants pay

Employees "premium pay," i.e. one hour of wages at each Employee's effective hourly rate of

pay, for each meal period that Defendants failed to provide or deficiently provided. Meal period

violations thus occurred in one or more of the following manners:

(a)    Class members were not provided full thirty-minute duty free meal periods
for work days in excess of five (5) hours and were not compensated one (1)
hour's wages in lieu thereof, all in violation of, among others, Labor Code
§§ 226.7, 512, and the applicable Industrial Welfare Commission Wage
Order(s);

(b)    Class members were not provided second full thirty-minute duty free meal
periods for work days in excess of ten (10) hours;

(c)    Class members were required to work through at least part of their daily
meal period(s);

(d)    Meal period were provided after five hours of continuous work during a
shift; and

(e)    Class members were restricted in their ability to take a full thirty-minute
meal period.

23.    Plaintiff and Defendants' non-exempt employee Class members were also not

authorized and permitted to take lawful rest periods and were not provided with one (1) hour's

wages in lieu thereof. Defendants' policy, as articulated in the NSAT Field Employee Handbook,

states "customer services must not be postponed or delayed for the purpose of break periods." In

practice, Defendants neither scheduled nor authorized and permitted Plaintiff and the Class

members to take any rest periods, as they were required to remain on-call and responsive to

FIRST AMENDED CLASS ACTION COMPLAINT

customer demands. Defendants' policy also did not permit Plaintiff and the Class members to leave Defendants' premises during any rest periods they were able to take. Rest period violations therefore arose in one or more of the following manners:

        (a)   Class members were required to work without being provided a minimum ten minute rest period for every four (4) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided; and

        (b)   Class members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof.

24.    Class members were thus restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided.

25.    Defendants' policies and practices have systematically denied Plaintiff and the Class members full, duty-free ten-minute rest periods and thirty-minute, duty-free meal periods. For example, the California Supreme Court has instructed that the rest period requirement "obligates employers to permit-and authorizes employees to take-off-duty rest periods. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." Plaintiff and the Class members were and are under Defendants' control when they are required by policy to respond to customer demands at the expense of their breaks, and an employer cannot impose any restraints on employees not inherent in the rest period requirement itself. Defendants have provided either impermissibly restricted or shortened or untimely meal and rest breaks to Plaintiff and the Class members.

26.    Defendants also enforced a uniform policy that prevented Plaintiff and the Class members from leaving the premises during their rest breaks, as they were required to remain

1  prepared to respond to customer inquiries and demands, including under Defendants' NSAT Field

2  Employee Handbook, instructing that: "Break periods must remain flexible to adhere to the needs

3  of customers and Company business. … Customer services must not be postponed or delayed for

4  the purpose of break periods."

5        27.    From at least four (4) years prior to the filing of this lawsuit and continuing to the

6  present, Defendants have consistently and unlawfully collected or received wages from Employees

7  by making automatic deductions from Employees' wages, including for any unpaid off the clock

8  hours worked and by deducting time from hours worked for meal periods, which were unlawfully

9  provided or not provided at all.

10        28.    As a result of these illegal policies and practices, Defendants engaged in and

11 enforced the following additional unlawful practices and policies against Plaintiff and the Class

12 members he seeks to represent:

13              a.    failing to pay all wages owed to Class members who either were discharged, laid

14                    off, or resigned in accordance with the requirements of <u>Labor Code</u> §§ 201, 202,

15                    203;

16              b.    failing to pay all wages owed to the Class members twice monthly in accordance

17                    with the requirements of <u>Labor Code</u> § 204;

18              c.    failing to pay Class members all wages owed, including all meal and rest period

19                    premium wages; and

20              d.    failing to maintain accurate records of Class members' earned wages and meal

21                    periods in violation of <u>Labor Code</u> §§ 226 and 1174(d) and section 7 of the

22                    applicable IWC Wage Orders.

23        29.    From at least four (4) years prior to the filing of this lawsuit, and continuing to the

24 present, Defendants have consistently failed to provide Employees with timely, accurate, and

25 itemized wage statements, in writing, as required by California wage-and-hour laws, including by

26 the above-described requirement of off the clock work and failure to incorporate bonuses into the

27 regular rate used to calculate and pay overtime. Defendants have also made it difficult to account

28 with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff

and the Class, during the liability period, as they did not implement and preserve a record-keeping method as required for non-exempt employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, and were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all overtime hours worked and submitted by Plaintiff and the Class members. The wage statements issued to Plaintiff also included time records for some of the specific shifts he worked during a pay period, but these listed hours did not match up with the total hours worked. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class members, along with the appropriate applicable rates, among others requirements.

30.     Plaintiff and Class members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period and meal periods, the wages earned pursuant to Labor Code § 226.7, and the total daily hours worked, and Defendants failed to itemize in wage statements all deductions from payment of wages and accurately report total hours worked by the Class members and the applicable rates of pay. Defendants have also failed to accurately identify the entity that is the employer of Plaintiff and the Class members, as the NSAT Field Employee Handbook specifies that it is their employer.

31.     Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Plaintiff and the Class members to incur business expenses in the course of performing their required job duties for Defendants, including certain mileage expenses. For example, when Plaintiff and the Class had more than $500 cash in their drawers, they were required to drive to the bank to deposit the money. This mileage and the other expenses incurred by Plaintiff and the Class were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Plaintiff and the Class for

all such necessary expenditures, thus entitling them to reimbursement according to proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage Orders.

32.    From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws.

33.    In light of the foregoing, Employees bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 1198, 1199, 2802, and 2698 *et seq*., and California Code of Regulations, Title 8, section 11000 *et seq*.

34.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

35.    The Fair Labor Standards Act: The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter referred to as "FLSA"), provides for minimum standards for both minimum and regular wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods. Defendants violated the FLSA with the above described unlawful wage payment practices, including by not paying Employees for all hours worked at the required minimum and regular wage and for all overtime for hours worked over forty (40) in a workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

36.    Plaintiff brings this class action on behalf of himself an all others similarly situated

pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class (or "the Class" or "Class members") defined as follows: "All individuals employed by Defendants, at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), as non-exempt, hourly employees at Defendants' storage facilities within the State of California."  Plaintiff and the Class members who are California residents worked in California and received pay in California, and performed their job duties for Defendants, and were subject to California wage and hour laws at such times.

Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a.    <u>Subclass 1.  Minimum Wages Subclass</u>.  All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.    <u>Subclass 2.  Wages and Overtime Subclass</u>.  All Class members who were not compensated for all hours worked for Defendants at the required rates of pay or were otherwise not compensated for all hours worked in excess of eight in a day and/or forty in a week.

c.    <u>Subclass 3.  Meal Period Subclass</u>.  All Class members who were subject to Defendants' policy and/or practice of failing to provide unpaid 30-minute uninterrupted and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d.    <u>Subclass 4.  Rest Break Subclass</u>.  All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take uninterrupted, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e.    <u>Subclass 5.  Wage Statement Subclass</u>.  All Class members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

f.    <u>Subclass 6.  Unauthorized Deductions from Wages Subclass</u>.  All Class members who were subject to Defendants' policy and/or practice of deducting earned wages from their payments during the applicable limitations period.

g.    <u>Subclass 7.  Termination Pay Subclass</u>.  All Class members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment

1  and were subject to Defendants' policy and/or practice of failing to timely pay wages upon

2  termination.

3        h.     Subclass 8. Expense Reimbursement Subclass. All Class members who incurred

4  necessary and reasonable expenses in connection with performing their job duties for Defendants

5  and who were subject to a policy and/or practice under which such expenses were not reimbursed.

6        i.     Subclass 9. UCL Subclass.  All Class members who are owed restitution as a result

7  of Defendants' business acts and practices, to the extent such acts and practices are found to be

8  unlawful, deceptive, and/or unfair.

9        37.     Plaintiff also brings this action pursuant to 29 U.S.C. § 216 on behalf of a

10  Collective defined as: "All current and former hourly, non-exempt employees who worked at

11  Defendants' storage facilities at any time during the period of three (3) years prior to the filing of

12  this lawsuit and ending on a date as determined by the Court" (the "FLSA Collective"). The FLSA

13  Collective Members include of all Defendants' current and former hourly employees who worked

14  based out of any of Defendants' storage facility locations throughout the United States, including

15  in California. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

16  Plaintiff and FLSA Collective members for all hours worked and failure to do so at the correct rate

17  of pay, including by failing to correctly calculate the regular rate used to pay overtime.

18        38.     Plaintiff reserves the right, including under California Rule of Court 3.765 and the

19  applicable federal rules, to amend or modify the Class description or the Subclass descriptions

20  with greater particularity or to allege further division into subclasses or limitation to particular

21  issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the

22  Class Period should be adjusted accordingly.

23        39.     Defendants, as a matter of company policy, practice and procedure, and in violation

24  of applicable Labor Code sections, IWC Wage Order paragraphs, and other pertinent provisions of

25  California law, intentionally, knowingly, and willfully engaged in a practice whereby Defendants

26  failed to correctly calculate compensation for the time worked by Plaintiff and the other members

27  of the Class, even though Defendants enjoyed the benefit of this work, required Employees to

28  perform this work and permitted or suffered to permit this work. Defendants have uniformly

1   denied these Class members wages to which they are entitled, and failed to provide meal periods

2   or authorize and permit rest periods, in order to unfairly cheat the competition and unlawfully

3   profit.

4          40.    This action has been brought and may properly be maintained as a class action

5   under Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community

6   of interest in the litigation, common questions of law and fact predominate over those requiring

7   individual resolution, and the proposed Class is also easily ascertained from the records

8   Defendants are required to maintain for Plaintiff and the Class members under California law,

9   including paragraph 7 of the applicable IWC Wage Orders.

10          **A.      Numerosity**

11          41.    The potential members of the Class as defined are so numerous that joinder of all

12   the members is impracticable. While the precise number of Class members has not been

13   determined at this time, Plaintiff is informed and believes that Defendants employ or, during the

14   time period relevant to this lawsuit, employed hundreds of Employees who satisfy the Class

15   definition within the State of California.

16          42.    Accounting for employee turnover during the relevant time period increases this

17   number substantially. Plaintiff alleges that Defendants' employment records will provide

18   information as to the number and location of all Class members.

19          **B.      Common Questions of Law and Fact Predominate**

20          43.    There are questions of law and fact common to the Class that predominate over any

21   questions affecting only individual Class members. The common questions set forth above are

22   numerous and substantial and stem from Defendants' uniform policies and/or practices of

23   violating the California <u>Labor Code</u> addressed above. As such, these common questions

24   predominate over individual questions concerning each individual Class Member's showing as to

25   his or her eligibility for recovery or as to the amount of damages. These common questions of law

26   and fact include:

27          a.      Whether Defendants failed to pay Employees minimum wages;

28          b.      Whether Defendants failed to pay Employees wages for all hours worked;

- 19 -

c.      Whether Defendants failed to pay Employees overtime as required under <u>Labor Code</u> § 510;

d.      Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

e.      Whether Defendants violated <u>Labor Code</u> §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f.      Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Employees with inaccurate wage statements;

g.      Whether Defendants violated <u>Labor Code</u> § 221 by unlawful wage deductions;

h.      Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

i.      Whether Defendants' conduct was willful;

j.      Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

k.      Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

l.      Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse all necessary business expenses Defendants required them to incur in performing their job duties;

m.      Whether Defendants required off the clock work by Employees without pay;

n.      Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

o.      Whether Employees are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

FIRST AMENDED CLASS ACTION COMPLAINT

C.    **Typicality**

44.    The claims of the named Plaintiff are typical of those of the other Employees in the Class. The Employee Class members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

D.    **Adequacy of Representation**

45.    Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents the Employees in the Class are experienced and competent in litigating employment class actions.

E.    **Superiority of Class Action**

46.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Employees is not practicable, and questions of law and fact common to all Employees predominate over any questions affecting only individual Employees. Each Employee has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to compensate Employees properly.

47.    As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class members. Further, as the economic or other losses suffered by Class members may be relatively small, the expense and burden of individual actions makes it difficult for the Class members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Employees to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual and cost prohibitive lawsuits.

48.    Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment. Plaintiff contemplates the eventual issuance of notice to the proposed Class members that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

49.    Defendants, as prospective and actual employers of the Employees, had a special fiduciary duty to disclose to prospective Class members the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon the similarly situated Employees as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on the Employees and Class as a whole.

50.    Plaintiff and the Employees in the Class did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' waiver of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as to obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class members discovered their claims.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants)

51.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

52.    Defendants failed to pay Employee Class members minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees' time records, or requiring Plaintiff and the Class members to input inaccurate and under-recorded hours, and failing to pay

Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with off the clock work. Additionally, Defendants had a consistent policy of failing to pay Employees for hours worked during alleged meal and rest periods which Employees were denied, or time spent on other work related activities as also addressed herein. Defendants' pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing uniform wage payment policies and practices that denied accurate compensation to Plaintiff and the other members of the Class.

53.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 4(A)-4(C) of the applicable IWC Wage Orders. Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

54.     California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

55.     The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states that: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

56.     As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable IWC Wage Order. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

Additionally, under California Labor Code § 1198: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."  Therefore, Defendants' violations of both the Labor Code and the applicable paragraphs of the IWC Wage Orders are separately actionable as addressed herein.

57.     In committing these violations of the California Labor Code, Defendants inaccurately calculated the correct time worked or willfully required Plaintiff and the Class members to under-report and round down their actual hours worked, as addressed above, and consequently underpaid the actual time worked by Plaintiff and other members of the Class. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

58.     California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

59.     In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiff and Class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each Employee minimum wages, and $250.00 for each subsequent failure to pay each Employee minimum wages.

60.     Pursuant to California Labor Code § 1194.2, Plaintiff and Class members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

61.     Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

- 24 -

62.     Wherefore, Plaintiff and the Employee Class members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the Class members who have terminated their employment, Defendants' conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under California Labor Code § 203, which penalties are sought herein on behalf of these Class members. Defendants' failure to timely pay all wages owed also violated Labor Code § 204 and resulted in violations of Labor Code § 226 because they resulted in the issuance of inaccurate wage statements. Defendants' conduct as alleged herein was willful, intentional and not in good faith. Further, Plaintiff and other Class members are entitled to seek and recover statutory costs.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

63.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

64.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

65.     By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and paragraphs 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare

Commission) by failing to pay Employees for all of their hours worked, including at: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off the clock work and by unlawfully under-reporting, or requiring Plaintiff and the Class members to under-report and round down to their detriment, the actual hours they worked and by failing to correctly calculate the regular rate used to calculate and pay overtime wages, as addressed above.

66.    Defendants thus had a consistent policy of not paying Employees wages for all hours worked, including hours at their required regular, overtime, and double-time rates. Specifically, Employees were not properly compensated, nor were they paid the correct overtime rates for all hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Defendants, and each of them, have thus intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid payment of both regular and overtime wages and other benefits in violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt employees to work through meal periods and by failing to incorporate non-discretionary and performance based bonuses into the regular rate used by Defendants to calculate and pay overtime compensation.

67.    Defendants' failure to pay Plaintiff and the Class members the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Orders, and is therefore unlawful.

68.    Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."  Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class members seek the remedies set forth in Labor Code § 558.

69.    Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Employees. Each such failure to make a timely payment of compensation to Employees constitutes a separate violation of California Labor Code § 204.

70.    Employees have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission). Additionally, under Labor Code § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

71.    Consequently, pursuant to California Labor Code, including Labor Code §§ 204, 510, 558, 1194, 1198 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation for all their hours worked, with interest, plus their reasonable attorneys' fees and costs, as well as

1  the assessment of any statutory penalties against Defendants, and each of them, and any

2  additional sums as provided by the Labor Code and/or other statutes.

3  **THIRD CAUSE OF ACTION**

4  **FOR FAILURE TO PAY WAGES UNDER THE FLSA**

5  **(Against All Defendants)**

6  72.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth

7  in full herein.

8  73.    At all relevant times hereto, Defendants have been an "enterprise engaged in

9  commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

10  74.    Plaintiff is informed and believes, and thereon alleges, that Defendants have

11  required the Plaintiff and FLSA collective Employees as part of their employment to work off the

12  clock and for less than minimum wage under 29 U.S.C. § 206(a)(1).  That Section provides the

13  following:

> Every employer shall pay to each of his employees who in any workweek is engaged in
> commerce or in the production of goods for commerce, or is employed in an enterprise
> engaged in commerce or in the production of goods for commerce, wages at the following
> rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

19  75.    Plaintiff is informed and believes, and thereon alleges, that certain or all of the

20  Employees were not exempt employees under the FLSA's overtime provisions and that

21  Defendants also required Plaintiff and requires the FLSA collective Employees to work without

22  paying them all overtime wages owed for hours in excess of the forty (40) per week under 29

23  U.S.C. § 207(a)(I). That Section provides the following: "Except as otherwise provided in this

24  section, no employer shall employ any of his employees ... for a workweek longer than forty

25  hours unless such employee receives compensation for his employment in excess of the hours

26  above specified at a rate which is not less than one and one-half times the regular rate at which he

27  is employed."

28

FIRST AMENDED CLASS ACTION COMPLAINT

76.    In the performance of their duties for Defendants, Employees as members of the FLSA collective did work off the clock and over forty (40) hours per week, received non-discretionary and performance based bonuses that were not incorporated by Defendants into the regular rate used to calculate and pay overtime compensation, and did not receive minimum wages and other required compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207 and as addressed in detail above. This included the underpayment of overtime wages due to the off the clock work required of Plaintiff and the Class members, which caused overtime hours to begin accruing before Defendant started paying them.

77.    At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the FLSA Collective Members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA. At all times relevant to this action, Defendants required Plaintiff and FLSA Collective Members to perform work under Defendants' employ but failed to pay them the federally mandated wages and overtime compensation for all services performed.

78.    The precise amount of unpaid wages and unpaid hours will be proven at trial, as will the extent of the geographic scope of the FLSA Collective, as Defendants maintain operations in California but also in other states throughout the United States. Upon information and belief, Employees of Defendants in other states besides California were also subject to the same uniform and unlawful company policies and practices as were the members of the FLSA Collective employed in California, as addressed herein, and the NSAT Field Employee Handbook applied uniformly to them all.

79.    The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA Collective Members. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA Collective

Members, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

80.    Plaintiff proposes to undertake appropriate proceedings to have such FLSA Collective members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court. By this Complaint, Plaintiff provides his consent to join and opts-in to the FLSA Collective.

81.    Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

82.    Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## FOURTH CAUSE OF ACTION

## MEAL-PERIOD LIABILITY UNDER <u>LABOR CODE</u> § 226.7

### (Against All Defendants)

83.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

84.    Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to <u>Labor Code</u> § 512, and paragraph 11 of the applicable IWC Wage Orders, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

85.     Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Orders. Employees were often required to work through their meal periods or provided with them after working beyond the fifth hour of their shifts or otherwise had them shortened and interrupted by work demands, both in practice and under Defendants' policies. Furthermore, upon information and belief, on the occasions when Employees worked more than 10 hours in a given shift, they did so without receiving a second uninterrupted thirty (30) minute meal period as required by law.

86.     Defendants thus failed to provide Plaintiff and the Class members with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Orders, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks, including under the NSAT Field Employee Handbook policy that "[c]ustomer services must not be postponed or delayed for the purpose of break periods."

87.     Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7.

88.     Therefore, pursuant to Labor Code § 226.7, and paragraphs 11 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial, as well as the assessment of any statutory penalties against the Defendants, and each of them, in a sum as provided by the Labor Code and other statutes and the applicable IWC Wage Order paragraphs.

**FIFTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER <u>LABOR CODE</u> § 226.7**

**(Against All Defendants)**

89.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

90.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) work hours, or major fraction thereof.

91.     Employees consistently worked consecutive four (4) hour shifts or worked shifts of at least 3.5 hours in duration. Pursuant to the <u>Labor Code</u> and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, and Defendants failed to provide Employees with timely rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift, including as a result of the above described off the clock work Defendant required from Plaintiff and the Class members and due to Defendants' NSAT Field Employee Handbook policy requiring them to "remain flexible" in order to "adhere to the needs of customers and Company business."

92.     <u>Labor Code</u> §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

93.     Defendants, and each of them, have therefore intentionally and improperly denied rest periods to Plaintiff and the Class members in violation of <u>Labor Code</u> §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

94.     Defendants failed to authorize and permit Plaintiff and the Class members to take rest periods, as required by the <u>Labor Code</u> and applicable provisions of the IWC Wage Orders. Moreover, Defendants did not compensate Employees with an additional hour of pay at each Employee's effective hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under <u>Labor Code</u> § 226.7.

95.     Therefore, pursuant to <u>Labor Code</u> § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at trial, as well as the assessment of any statutory penalties against Defendants, and each of them, in a sum as provided by the <u>Labor Code</u> and/or other statutes.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 226(a)**

**(Against All Defendants)**

96.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

97.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

98.     Defendants failed to provide Employees with accurate itemized wage statements in writing, as required by the <u>Labor Code</u> and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements given to Employees by Defendants failed to accurately account for regular wages and overtime hours worked, and premium pay for deficient meal periods and rest breaks, and automatically deducted wages for alleged meal periods, all of which Defendants knew or reasonably should have known were owed to Employees, as alleged above. Wage statements issued to Plaintiff also included hours worked for certain of his work shifts in the pay period, but the total hours for the listed shifts, when added together, were regularly less than the total hours listed on the wage statements, thus further compounding the confusion and questions the wage statements created.

99.     Throughout the liability period, Defendants thus intentionally failed to furnish to Plaintiff and the Class members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to <u>Labor Code</u> § 226, amongst other statutory requirements, and paragraph 7 of the applicable IWC Wage Orders. Defendants knowingly and intentionally failed to provide Plaintiff and the Class members with such timely and accurate wage and hour statements. Upon information and belief, Defendants have systematically violated <u>Labor Code</u> § 226(a)(8) by failing to accurately list the entity that is the legal employer of Plaintiff and the Class members, including because NSAT is not listed in favor of InTandem or iStorage or SMLC, or even Oasis Admin Group Outsourcing, Inc.

100.    Plaintiff and the Class members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under <u>Labor Code</u> § 226(e), as the Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items <u>Labor Code</u> § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes

of <u>Labor Code</u> § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

101.    Therefore, as a direct and proximate cause of Defendants' violation of <u>Labor Code</u> § 226(a), and paragraph 7 of the applicable IWC Wage Orders, Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

102.    Pursuant to <u>Labor Code</u> §§ 226(a) and 226(e), Employees are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled to recover further penalties pursuant to paragraph 20 of the applicable IWC Wage Orders. They are also entitled to an award of costs and reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 221**

**(Against All Defendants)**

103.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

104.    <u>Labor Code</u> § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California <u>Labor Code</u> § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Defendants failed to do so.

105.    Defendants unlawfully received and/or collected wages from the Employees in the Class by implementing a policy of automatically deducting 30 minutes or 60 minutes worth of vested wages from Employees for alleged meal periods which they were denied, as well as by

understating the hours worked by Employees or by failing to accurately calculate the regular rate used to calculate and pay overtime, as alleged above.

106.    As a direct and proximate cause of these and any other unauthorized deductions, Employees have been damaged, in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 203**

**(Against All Defendants)**

107.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

108.    Numerous Employees are no longer employed by Defendants; they either quit Defendants' employment or were fired therefrom. Plaintiff Ornelas is one such Employee.

109.    Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

110.    The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation of employment.

111.    Defendants failed to pay Plaintiff and the Class members without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by failing to pay for all hours worked or requiring off the clock work and by failing to incorporate bonuses into the regular rate used to calculate and pay overtime compensation, and failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

112.    Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class members may therefore pursue damages and penalties for violations of Labor Code § 203 and paragraph

4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.  Additionally, under <u>Labor Code</u> § 1199(a)-(c), it is a misdemeanor and Defendants are subject to a fine of not less than $100 for causing Employees "to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission" or if the employer pays "a wage less than the minimum fixed by an order of the commission" or "violates…any provision of this chapter or any order or ruling of the commission."

113.     Defendants' failure to pay wages, as alleged above, was willful in that Defendants knew wages to be due but failed to pay them; this violation entitles these Employees to penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

**NINTH CAUSE OF ACTION**

**FOR FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES**

**UNDER <u>LABOR CODE</u> § 2802**

114.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

115.     Plaintiff and the Class are informed and believe and based thereon allege that from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants required Plaintiff and the Class members to pay for necessary work related expenses they incurred, including certain travel and mileage expenses incurred in performing their daily job duties, as addressed above, and such expenses were necessary for performing those duties. Plaintiff and the Class members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to <u>Labor Code</u> § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

116.     Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class members with regard

to their rights, Plaintiff and the Class members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment.

117.    Therefore, Plaintiff and the Class members are entitled to reimbursement for any and all necessary work related expenses, as provided for in <u>Labor Code</u> § 2802(b), incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class members incurred those expenses. Further, Plaintiff and the Class members are entitled to costs and attorney's fees pursuant to <u>Labor Code</u> § 2802(c).

**TENTH CAUSE OF ACTION**

**VIOLATION OF <u>BUSINESS & PROFESSIONS CODE</u> § 17200 *ET SEQ*.**

**(Against All Defendants)**

118.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

119.    Plaintiff, on behalf of himself, the Employees in the Class, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of <u>Code of Civil Procedure</u> § 1021.5.

120.    Plaintiff is a "person" within the meaning of <u>Business & Professions Code</u> § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

121.    <u>Business & Professions Code</u> § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to provide the required amount of compensation for missed meal and rest breaks, and failed to adequately compensate Plaintiff and Class members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California <u>Labor Code</u> and Industrial Welfare

Commission requirements in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California <u>Business & Professions Code</u> § 17203, including restitution of wages wrongfully withheld.

122.    Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with meal periods and rest breaks, etc., are fundamental public policies of California. <u>Labor Code</u> § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

123.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the <u>Labor Code</u>, and have engaged in other unlawful and unfair business practices in violation of <u>Business & Professions Code</u> § 17200 *et seq.*; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

124.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the <u>Business & Professions Code</u> § 17200 *et seq.*

125.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide meal periods and rest breaks, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200 *et seq.*

126.    By the conduct alleged herein, Defendants have engaged and continue to engage in a business practice which violates California and federal law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor Code</u> including Sections 204, 226, 226.7, 512, 1194, 1197, 1198, and 2802, for which this Court should issue declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

competition, including restitution of wages wrongfully withheld.

127.    As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

128.    Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

**ELEVENTH CAUSE OF ACTION**

**PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2698, *ET SEQ*.**

**(Against All Defendants)**

129.    Plaintiff realleges and incorporate all preceding paragraphs, as though set forth in full herein.

130.    Plaintiff and Employees are aggrieved employees as defined under <u>Labor Code</u> § 2699(c) in that they suffered the violations alleged in this Complaint and either were or are employed by the alleged violators, Defendants.

131.    In failing to pay Aggrieved Employees minimum wages and overtime, not providing proper meal and rest periods, failing to provide accurate itemized wage statements, and failing to pay Employees wages upon termination or timely upon resignation, all discussed above, Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required under <u>Labor Code</u> § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to Aggrieved Employees, as required by <u>Labor Code</u> § 1174 and paragraph 7 of the applicable IWC Wage Orders.

132.    As such, Employees seek wages and penalties under <u>Labor Code</u> §§ 2698 and 2699 for Defendants' violation of <u>Labor Code</u> provisions included under <u>Labor Code</u> § 2699.5, including the penalty provisions, without limitation, based, *inter alia*, on the following California

Labor Code sections: 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1174, 1174.5, 1185, 1194, 1194.1, 1194.2, 1197, 1197.1, 1199, 2802, and 2698 *et seq*.

133.    More specifically, after complying with the notice procedures of  Labor Code § 2699.3, Plaintiff asserts, as a representative action on behalf of the California Attorney General and the other similarly Aggrieved Employees, a PAGA claim for violations of the above addressed underlying claims and seeking penalties as specified by the applicable corresponding provisions, including as follows:

(a)    Wage Claims: For failure to provide Plaintiff and the Aggrieved Employees all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked under Labor Code §§ 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4 and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, and wages, under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(b)    Meal and Rest Period Claims: For failure to provide Plaintiff and the Aggrieved Employees off-duty, timely, and unpaid meal periods and failure to authorize and permit them to take off-duty, timely, and paid rest periods, or pay one hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, including under paragraph 20 of the applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(c)    Inaccurate Wage Statements and Failure to Maintain Records: For failure to provide Plaintiff and the Aggrieved Employees with accurate, itemized wage statements and failure to maintain employment records for Plaintiff and Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable

IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

         (d)     Failure to Timely Pay Wages: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable, and wages, under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1); and

         (e)     All Alleged Violations of the IWC Wage Orders:  For any above addressed violation of the applicable provisions of the IWC Wage Orders constituting violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

         134.    The penalties shall be allocated under Labor Code § 2699(i) as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employees.

         135.    As also addressed above, Plaintiff, on behalf of the Aggrieved Employees, also seeks the penalties and remedies set forth in Labor Code § 558, which states:

     (a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

     (b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

     (c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

136.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on **November 16, 2018** addressing in detail the specific provisions of the <u>Labor Code</u> Defendants have violated and addressing the facts and legal theories to support the alleged violations. The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter, and Plaintiff adds this claim seeking penalties under the PAGA for the violations addressed herein and in the PAGA Notice letter and the original Complaint.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.    For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.    For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.    For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

6.    For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

7.    For penalties pursuant to <u>Labor Code</u> § 226(e) for Employees, as may be proven;

8.    For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of <u>Labor Code</u> § 221, as may be proven;

9.      For penalties pursuant to Labor Code § 203 for all Employees who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

10.      For damages and restitution for failure to reimburse all reasonable and necessary business expenses incurred by Employees as required by Labor Code § 2802, as may be proven;

11.      For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq.*, including disgorgement or profits, as may be proven;

12.      For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

13.      For facilitated Notice under 29 USC § 216(b), compensation pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq.*, conditional and final certification of a Collective Action, and for interest on any compensatory damages, and attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b);

14.      For penalties pursuant to Labor Code § 2698 *et seq.*, as may be proven;

15.      For wages and penalties under Labor Code § 558, as may be proven;

16.      For further wages and penalties under the Labor Code, as may be proven;

17.      For all general, special, and incidental damages as may be proven;

18.      For an award of pre-judgment and post-judgment interest;

19.      For an award providing for the payment of the costs of this suit;

20.      For an award of attorneys' fees; and

21.      For such other and further relief as this Court may deem proper and just.


DATED:  March 28, 2019                         DAVID YEREMIAN & ASSOCIATES, INC.

By _____
            David Yeremian
            Alvin B. Lindsay
            Attorneys for Plaintiff DIEGO ORNELAS
            and all others similarly situated

- 44 -

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED:  March 28, 2019                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                             By _____

7                                                 David Yeremian
                                                  Alvin B. Lindsay
8                                                 Attorneys for Plaintiff DIEGO ORNELAS
                                                  and all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT